UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
AUG 29 2006
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CRIMINAL NO. SA-06-CR-137-XR |
| ) | |
| ALVARO LARIOS, ) | |
| ) | |
| Defendant. ) | |

## PLEA AGREEMENT

The United States of America, by and through its undersigned Attorney, and the Defendant, being of sound mind and under no compulsion, threat, or promises of leniency, hereby enter into the following Plea Agreement:

1.  Defendant agrees to plead guilty to Count Three of the First Superseding Indictment, which charges the Defendant with the Use and Possession of a Firearm, namely a Destructive Device, to wit: 15 Hand Grenades in the Course and Furtherance of a Drug Trafficking Crime in violation of Title 18, United States Code, Section 924(c)(1). The Defendant understands that the punishment range for this offense is a mandatory minimum term of 30 years imprisonment; a five year term of supervised release; a fine not to exceed $250,000; a $100.00 mandatory special assessment.

2.  The Defendant further states that the Defendant's attorney has explained to the Defendant all of the elements of this offense, and it is the Defendant's understanding that if the Defendant pleads not guilty, the United States would be required to prove each and every one of the elements to the unanimous satisfaction of a jury beyond a reasonable doubt.

Initials _____

## Factual Basis for Guilty Plea

During the last two weeks of December 2005, the Defendant Alvaro Larios contacted Special Agent Hernandez, believing that the agent was an illegal arms merchant, on several occasions and left messages for the agent to call him back. On January 19, 2006, Agent Hernandez called the Defendant back. The defendant requested that the agent provide him with 30 grenades and some AK-47 rifles for the Defendant's "people in Mexico." During the week of February 20-24, 2006, the Defendant again contacted the agent requesting hand grenades. On February 28, 2006, Agent Hernandez agreed to provide 15 hand grenades to the Defendant in exchange for two ounces of cocaine. On March 1, 2006, the Defendant delivered two ounces of cocaine, approximately 56.7 grams, to Agent Hernandez in exchange for 15 hand grenades. Agent Hernandez explained to the Defendant that 13 of the grenades were fully operable and two of the grenades needed to be filled with the black powder provided by the agent. This transaction was videotaped. Agent Hernandez at the time of all the above facts was located in San Antonio, Texas.

3.  The Defendant further understands that by pleading guilty, the Defendant gives up the following rights:

   a.  the Defendant's constitutional and statutory rights to be tried by a jury;

   b.  the Defendant's constitutional and statutory rights to object to the composition of the grand jury and the petit jury;

   c.  the Defendant's constitutional and statutory rights to confront and cross-examine the witnesses against the Defendant;

   d.  the Defendant's constitutional and statutory rights to remain silent;

4.  The Defendant further understands that this Agreement is binding only upon the United States Attorney for the Western District of Texas. If the Defendant participated in any criminal activities in any other judicial district, only the United States Attorney in that district can agree not to prosecute the Defendant. This plea agreement does not address or resolve any civil liability this defendant may have relating to his criminal acts.

5.  The parties agree to request the Court to consult with and take into account the United States Sentencing Guidelines and accompanying policy statements ("the U.S.S.G.") for the

Initials                                    2

calculation of the Defendant's sentence pursuant to 18 U.S.C. § 3553 as construed by *United States v. Booker and Fanfan*, Nos. 04-104 and 04-105, 2005 WL 50108 (Jan. 12, 2005). However, the Defendant understands that the U.S.S.G. is advisory and that the Court may take other factors into account on sentencing which could result in a greater or lesser sentence than the sentencing range calculated under the U.S.S.G. The Defendant is also aware that the sentence to be imposed is not subject to parole. By entering into this Agreement, and as a term of this Agreement, the Defendant voluntarily and knowingly waives the Defendant's right to appeal the Defendant's sentence on any ground, including any appeal right conferred by 18 U.S.C. § 3742. The Defendant also voluntarily and knowingly waives the Defendant's right to contest the Defendant's sentence in any post-conviction proceeding, including but not limited to, a proceeding pursuant to 28 U.S.C. § 2255; provided, however, that consistent with principles of professional responsibility imposed on the Defendant's counsel and counsel for the Government, the Defendant does not waive the Defendant's right to challenge the Defendant's sentence to the extent that it is the result of a violation of the Defendant's constitutional rights based on claims of ineffective assistance of counsel or prosecutorial misconduct of constitutional dimension.

6.      The Defendant is aware that any estimate of the probable sentencing range that the Defendant may receive from the Defendant's counsel, the Government, or the Probation Office is not a promise, did not induce the Defendant's guilty plea or this waiver, and does not bind the Government, the Probation Office, or the Court. In other words, the Defendant understands that the Defendant cannot challenge the sentence imposed by the District Court, even if it differs substantially from any sentencing range estimated by Defendant's attorney, the attorney for the Government, or the Probation Officer.

Initials                                                          3

7. Provided the Court determines that Defendant has clearly demonstrated acceptance of responsibility for Defendant's offense(s) pursuant to U.S.S.G. § 3E1.1 and that Defendant's base offense level is 16 or greater, the Government will make a motion pursuant to U.S.S.G. § 3E.1(b) asking that the Court award an additional one (1) point reduction in Defendant's offense level as a reward if Defendant's plea is timely. The government further agrees to move to dismiss the remaining counts of the Indictment at time of sentencing. The Defendant hereby stipulates and agrees that by reason of the dismissal of, or the Government's agreement to forebear filing or pursuing, certain criminal charges as a part of this Plea Agreement, the Defendant is not a "prevailing party" for the purpose of seeking attorneys' fees under the "Hyde Amendment," Pub.L.No. 105-119, Section 617 (Nov. 26, 1997). The Defendant further agrees that as a term of this Plea Agreement, the Defendant hereby waives any and all claims against the United States for attorneys' fees under said law.

8. The Defendant shall, as a condition precedent to seeking a two-level downward adjustment pursuant to §§ 2D1.1(b)(6), 5C1.2 of the United States Sentencing Guidelines (the Guidelines) submit to the Government within ten (10) calendar days after the date of entering the plea of guilty, a written and signed declaration made under penalty of perjury and drafted in accordance with 28 U.S.C. § 1746, truthfully providing all information and evidence the Defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan. If the Defendant requests to be sentenced at the time of the plea, the Defendant shall submit such declaration at least ten (10) calendar days **before** entering the guilty plea. **If the Defendant fails to provide this declaration within the required period, the Government has no duty to seek from nor any duty to extend to the Defendant, any further interview for purposes**

Initials                                          4

**of qualifying the Defendant for a downward adjustment pursuant to U.S.S.G. §§ 2D1.1(b)(6), 5C1.2(5). The Defendant agrees that the failure to timely comply with the requirements of this paragraph shall constitute a waiver of the right to seek an adjustment pursuant to § 2D1.1(b)(6) of the Guidelines, and constitutes a voluntary and informed election not to disclose information about the offense(s) to which the Defendant is pleading guilty. By signing this Plea Agreement, the Defendant waives all written or oral notice from the Government regarding any opportunity to provide a truthful, written statement or further personal interview.**

If, and only if, the Defendant submits the required declaration, as described above, within the required period, then the Government may, in its sole discretion, determine whether such declaration meets the requirements of § 5C1.2(5) of the Guidelines. The Government may also, in its sole discretion, determine whether a further personal interview is necessary to obtain additional facts, or whether the declaration itself is sufficient to meet the requirements of § 5C1.2(5). The Defendant shall be available for additional personal interviews as may be requested by the Government. If, in the exercise of its discretion, the Government determines the Defendant has met the requirements of § 5C1.2(5), then the Government agrees not to oppose a two-level downward adjustment pursuant to § 2D1.1(b)(6), if the Defendant also qualifies for such adjustment pursuant to § 5C1.2 (1)-(4). The Defendant understands that the award of any such adjustment ultimately remains in the Court's discretion, and the Court makes the ultimate determination of whether the Defendant has met the requirements of § 5C1.2(5) for purposes of sentencing.

9. The Defendant further agrees to thoroughly and truthfully debrief with the United States Attorney and its designees, as to all criminal transactions known to the Defendant, including

all such transactions in which the Defendant was involved. The Defendant, further, agrees to fully cooperate in the investigation and prosecution of any and all criminal transactions known to the Defendant. Such cooperation includes, but is not limited to, Defendant's truthful testimony in District Court, before a grand jury, and/or at any administrative hearing. Defendant further agrees to cooperate fully in verification of all information disclosed by the Defendant during debriefing by submitting to a polygraph examination on any and all points raised during such debriefing. Failure any of the above will result in the abrogation of this Agreement with the United States. The United States Attorney for the Western District of Texas agrees that any such statement made during debriefing by the Defendant will not be used by the United States Attorney to institute additional charges against the Defendant for those violations which are within the prosecutorial jurisdiction of the Western District of Texas, except for the crime of murder for which the Defendant has criminal liability. The United States Attorney for the Western District of Texas further agrees that any such statement made during debriefing by the Defendant will be subject to U.S.S.G. §§ 1B1.8(a) and (b). The Government may use any such statement to investigate any new areas of inquiry that are raised during the debriefing(s). Furthermore, should it be established that the Defendant has intentionally given untruthful or inaccurate testimony or information, or has otherwise violated any provision of the Agreement, the Government reserves the right at any time to terminate this Agreement and declare it null and void. The Defendant may thereafter be subject to prosecution for perjury, giving false statements, obstruction of justice, and/or any other crime related to the subject matter of this Plea Agreement. The Defendant waives any claim of a bar to such prosecution based upon the statute of limitations if this Plea Agreement is accepted by the Court. Any such prosecution may be premised upon information provided by the Defendant pursuant to this Plea Agreement or otherwise

6

and such information may be used against the Defendant. Furthermore, the Government may use any such statement to impeach the Defendant or any defense witness at trial in this cause should the Plea Agreement be withdrawn.

10. The United States Attorney acknowledges the Defendant's ongoing assistance to law enforcement. The parties contemplate, that this assistance shall continue, and shall include Defendant's full and truthful testimony in District Court, before any grand jury, and/or at any administrative hearing. Pursuant to this understanding, and the Defendant's compliance with this understanding the United States Attorney is prepared to move the Sentencing Court, pursuant to U.S.S.G. § 5K1.1 and/or Fed.R.Crim.P. 35, to sentence the Defendant at a level below the base offense level otherwise established under the Sentencing Guidelines. The parties recognize, stipulate and agree that the determination of "substantial assistance" and any decision to file any such motion, pursuant to U.S.S.G. § 5K1.1 or any other motion as stated previously, lies within the sole discretion of the United States Attorney for the Western District of Texas and is specifically contingent upon the Defendant's continued and substantial assistance to law enforcement.

11. Nothing in this Agreement shall preclude the United States Attorney from presenting to the Sentencing Court full evidence of the offense to which the Defendant is pleading guilty to, including but not limited to: information, evidence, argument and/or rebuttal concerning the Defendant's actions, background, character, and conduct.

12. The foregoing statement constitutes the entire agreement between the parties as explained to the Defendant by the Defendant's attorney. The Defendant states that the Defendant has read this Agreement carefully and understands it thoroughly. Knowing the terms of this Agreement and understanding the underlying factual basis, the Defendant knowingly and voluntarily

Initials                                    7

wishes to enter a plea of guilty because the Defendant is guilty of the crime charged and for no other reason.

                Approved:

                JOHNNY SUTTON
                United States Attorney

DATE: 8/29/2006

                MARK T. ROOMBERG
                Assistant United States Attorney

DATE: 8/28/06

                JAIME CAVAZOS
                Attorney for Defendant

DATE: 8/28/06

                ALVARO LARIOS
                Defendant