IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 08-51313
USDC No. 5:08-CV-990
USDC No. 5:06-CR-137-ALL-xR

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALVARO LARIOS, also known as Flaco,

Defendant-Appellant

U. S. COURT OF APPEALS
FILED
NOV - 2 2009
CHARLES R. FULBRUGE III
CLERK

FILED
NOV 5 2009
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
    DEPUTY CLERK

Appeal from the United States District Court
for the Western District of Texas

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:

In December 2006, Alvaro Larios, federal prisoner # 67226-180, was convicted by guilty plea of the use and possession of a destructive device in the course and furtherance of a drug trafficking crime. He was sentenced to 25 years of imprisonment and three years of supervised release. After the denial of his first 28 U.S.C. § 2255 motion, Larios filed a second § 2255 motion alleging that the conduct for which he was convicted was decriminalized in *Watson v. United States*, 552 U.S. 74, 128 S. Ct. 579, 586 (2007). The district court dismissed without prejudice Larios's second § 2255 motion as successive and unauthorized. In the alternative, the district court construed Larios's motion as

No. 08-51313

seeking permission to file a successive § 2255 motion and denied that motion for lack of jurisdiction.

Larios now seeks a certificate of appealability (COA), leave to proceed in forma pauperis (IFP) on appeal, and appointment of counsel. When the district court's denial of § 2255 relief is based on procedural grounds without analysis of the underlying constitutional claims, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As Larios has not met this standard, his motions for a COA, leave to proceed IFP, and appointment of counsel are DENIED.

Larios has also stated that this court should grant him permission to proceed with his second § 2255 motion. We construe that statement as seeking authorization under 28 U.S.C. § 2244(b)(3)(A) to file a second or successive § 2255 motion in the district court. Because Larios does not allege the existence of newly discovered evidence, his second § 2255 motion must be certified by this court to contain a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *See* § 2255(h). Larios has not made the requisite showing. Accordingly, his construed motion for authorization to file a second or successive § 2255 motion is DENIED.

Construed liberally, Larios's claim under *Watson* seeks relief as a 28 U.S.C. § 2241 petition under § 2255's savings clause. *See Castro v. United States*, 540 U.S. 375, 381 (2003); *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001); *United States v. Weathersby*, 958 F.2d 65, 66 (5th Cir. 1992). The district court lacked jurisdiction to consider a § 2241 petition from Larios, who is incarcerated in the Eastern District of Texas. *See Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999). To the extent that Larios seeks § 2241 relief, that

No. 08-51313

construed petition is TRANSFERRED to the United States District Court for the Eastern District of Texas for disposition. 28 U.S.C. § 2241(b).

MOTIONS FOR COA, IFP, AND APPOINTMENT OF COUNSEL DENIED; CONSTRUED MOTION FOR AUTHORIZATION TO FILE A SUCCESSIVE § 2255 MOTION DENIED; CONSTRUED PETITION FOR WRIT OF HABEAS CORPUS TRANSFERRED.

A true copy
 Clerk
02 NOV 2009

Clerk, U.S. Court of Appeals, Fifth Circuit
By: _Madeline Chugoey_
Deputy
New Orleans, Louisiana

3